# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

AMAR GUEYE,
   Plaintiff

    vs

Case No. 1:09-cv-730

Dlott, J.
Hogan, M.J.

HAMILTON COUNTY
PUBLIC LIBRARY, et al.,
   Defendants

**ORDER**

    Plaintiff, a resident of Cincinnati, Ohio, brings this action against the Hamilton County Public Library, library employees Ray Hills, Martha Earls, and Renee Tacco, the Hamilton County Sheriff, and Sheriff Officer James McLure. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. As the Supreme Court in *Iqbal* explained:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Id*. at 1949-50 (internal citations omitted). With these principles in mind, the Court reviews

plaintiff's complaint.

Plaintiff's pro se complaint alleges the following:

Plaintiff, Amar Gueye, a U.S. Citizen Muslim, originally from Senegal, . . . sufficiently pleads . . . claims of retaliation, conspiracy, defamation, discrimination, intentional tort, and intentional violations of his constitutional rights including among others his First, Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendment rights by Renee Tacco, Martha Earls, Ray Hills, all Board of Directors, Board of Trustees and or any sponsor and supporter of Hamilton Public Library and Hamilton County Sheriff Officer James McLure and Hamilton County Sheriff Department. Plaintiff sues Hamilton County Public Library and its employees individually and in their respective capacity as employee of HCPL for false accusation, obstruction of official business, unsupported allegation of occupying assigned computer to another visitor and destroying the evidence immediately and banning plaintiff from the Hamilton County Public Library for six months.

Plaintiff sues officer McLure individually and in his capacity as an officer of Hamilton County Sheriff and the State of Ohio for retaliation, conspiracy, defamation, discrimination, intentional tort, violation of his constitutional rights, i.e., 1st, 4th, 5th, 6th, 7th, 9th, & 14th Amendment rights along with other violations for searching plaintiff and his brief case without a search warrant, wrongful detention, wrongful arrest, lying to falsely incriminate plaintiff that he had a warrant while plaintiff did not have a warrant, mocking plaintiff African accent and falsely accusing him of providing false D.O.B. and false name when

3

plaintiff provided Officer McLure with his membership ID from American Association for Justice because plaintiff did not have his driver license on him.

(Complaint at 5-6). As relief, plaintiff seeks "the amount of 350 million dollars converted into Euro-currency!" (Complaint at 6).

Plaintiff's complaint illustrates the type of pleading found lacking by the *Twombly* and *Iqbal* Courts. Plaintiff's complaint against the Hamilton County Public Library and library employees Ray Hills, Martha Earls, and Renee Tacco ("the library defendants") asserts numerous legal conclusions, but fails to set forth any well-plead facts showing how the defendants retaliated, conspired, defamed, or discriminated against him, or otherwise violated his constitutional rights. The only facts the Court can discern from the complaint against the library defendants are that plaintiff occupied a computer assigned to another library patron, that "evidence" was "destroyed," and that plaintiff has been banned from the library for six months. These factual allegations, without more, simply do not state a claim for relief against the library defendants. The complaint provides no factual content or context from which the Court may reasonably infer that the library defendants violated plaintiff's rights. Since plaintiff's complaint against the library defendants is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and is dismissed as to defendants Hamilton County Public Library and library employees Ray Hills, Martha Earls, and Renee Tacco.

Plaintiff's allegations concerning defendant Sheriff Officer McLure are similarly conclusory and unsupported by sufficient facts to enable the Court to conclude that plaintiff's complaint states a plausible claim for relief. Once again, plaintiff's complaint is devoid of any

4

factual content showing how Officer McLure retaliated, conspired, defamed, or discriminated against him. Nor has plaintiff alleged any facts to allow the Court to reasonably infer that defendant McLure's detention and/or arrest of plaintiff somehow violated plaintiff's constitutional rights. *Iqbal*, 129 S.Ct. at 1949. The Court takes judicial notice that plaintiff was convicted of obstructing official business as a result of the incident set forth in the instant complaint. *See State of Ohio v. Gueye*, Case No. 09/CRB/12697 (Hamilton County, Ohio Municipal Court July 14, 2009) (http://www.courtclerk.org/case_summary.asp? sec=history&casenumber=C/09/CRB/12697).[1] To the extent plaintiff alleges a claim of false arrest or detention, such allegation is actionable only if plaintiff can establish the defendant lacked probable cause to support the arrest. Plaintiff's conviction conclusively establishes probable cause for his arrest or detention. *See Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007). Moreover, in the absence of any facts showing plaintiff's conviction has been invalidated by a federal or state court or other appropriate tribunal, plaintiff may not maintain a Section 1983 claim against defendant McLure where success on such claim would call into question the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The complaint also alleges that Officer McLure searched "plaintiff and his briefcase without a search warrant" without alleging any other facts about the circumstances surrounding the alleged search. Plaintiff fails to allege any facts indicating the search was conducted without his consent, was without probable cause, or was otherwise unreasonable. Moreover, a search incident to a

---

[1]"Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970), *cert. denied*, 449 U.S. 996 (1980)). *See also Lyons v. Stovall,* 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar*, 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

5

lawful arrest or a necessary protective search does not violate the Fourth Amendment. *See Michigan v. Long,* 463 U.S. 1032 (1983); *New York v. Belton,* 453 U.S. 454 (1981); *Chimel v. California,* 395 U.S. 752 (1969). Plaintiff is required to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 556). In the absence of any factual content showing that plaintiff did not consent to the search, that the officer lacked probable cause to conduct the search, that the search was unreasonable, or that the search was not incident to a lawful arrest, the Court is unable to conclude that plaintiff's complaint states a plausible claim for relief under the Fourth Amendment.

Finally, plaintiff's complaint fails to allege facts showing how defendant Hamilton County Sheriff violated his constitutional rights. To the extent plaintiff brings this action against the County Sheriff because of the supervisory position he holds, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability on this defendant. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009); *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993). Therefore, the complaint fails to state a claim for relief under § 1983 against defendant Hamilton County Sheriff.

The Court cannot discern any other possible federal claims stemming from plaintiff's allegations.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

6

appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Chief Judge
United States District Court